In November, 1924, the city of Asbury Park leased to the complainant, for the term of five years, certain lands of the city to be used for the "rental of saddle ponies and carts and operation of a miniature railway." This is described in the lease as a "concession." The lease contained a covenant on the part of the lessee to —
"keep said premises under control and supervision at all times so as to prevent any disorder or annoyance; that there shall be kept at all times someone in charge of said premises and that all droppings or refuse matter will be picked up and removed forthwith; that the premises will be kept at all times in a clean and sanitary condition so that flies or other insects may not be attracted to said premises."
It is further provided that upon violation of this condition, the city "shall have the right to cancel this lease and declare the term at an end, said second party hereby consenting thereto and to adjust and pro-rate the rent to the date of the termination of the lease. In this connection it being understood that said premises are leased only for the summer months and any adjustment of rent to cover the use of said premises from May 1st to October 1st in any year." The rental reserved was $4,500 per annum, payable in four installments of $1,125 each, on January 1st, April 1st, July 1st and August 1st of each year. The complainant entered into possession under the lease and operated the concession during the summer months until May of this year and had begun the operation for the current season when the board of commissioners of Asbury Park passed a resolution declaring a forfeiture of the lease for violations of the covenant above recited, alleged to have occurred during the summer season of 1927 and prior. Because of a disastrous fire which occurred in the city of Asbury Park last winter, the city desired to use this land for public purposes and had unsuccessfully negotiated with the complainant for a termination of the lease prior to the *Page 178 
passage of the resolution. Immediately upon declaring the forfeiture the city entered into possession of the premises and excluded the complainant therefrom, whereupon this bill was filed and a restraining order against the city issued. The matter comes before me on the return of that order. Rent was paid by the complainant under the terms of the lease on January 1st and April 1st of this year and accepted by the defendant. Affidavits submitted by the defendant in support of the application for preliminary injunction include those of two of the city commissioners and one other city official, indicating complete knowledge of violations of the covenant referred to in 1927 and prior, notwithstanding which knowledge the two installments of rent already referred to were accepted by the defendants on the dates mentioned. This fact, under a well-known rule of law, constitutes a waiver of the right of forfeiture of the lease.Levy v. Blackmore, 67 Atl. Rep. 1022; Commercial Trust Co. v.Wertheim Coal Co., 88 N.J. Eq. 143. The jurisdiction of a court of equity to relieve against unjust forfeitures cannot be questioned. 16 R.C.L. § 666; Lincoln Furniture Co. v.Bornstein, 100 N.J. Eq. 78; Pom. Eq. Jur. § 454. In view of this waiver on the part of the defendant it is unnecessary to consider the question of the fact of the violations of the covenant.
It is suggested that an injunction will arrest the progress of an important public work and that it should, therefore, be denied. That fact, regrettable as it is, is no excuse for the denial of the rights of the complainant. The city is not without its remedy at law, as I apprehend the rights of complainant in the lands in question may be taken by the city under condemnation proceedings.
I will advise an order continuing the restraint imposed by the order to show cause, excepting and reserving to the city whatever rights of eminent domain it may have. *Page 179